UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LUIS LEBRON, individually,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,
a foreign limited liability company,

    Defendant.

_____/

## COMPLAINT FOR VIOLATIONS OF THE FDCPA
## JURY DEMAND

1.    Plaintiff alleges violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. § 1331 as well as 15 U.S.C. § 1692 *et seq.* Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3.    Plaintiff, LUIS LEBRON, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is a foreign limited liability company, which works from offices located at 120 Corporate Boulevard, Norfolk, Virginia 23502

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of defaulted upon consumer credit card debts.

6. Defendant regularly attempts to collect consumer credit card debts by utilizing a high-volume telephone dialing system, which upon information and belief makes use of a predictive dialer.

7. Defendant regularly collects or attempts to collect debts for other parties. They are a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiffs' alleged debt.

9. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect an alleged Capital One credit card debt by placing dozens of calls to Plaintiff's cellular and home telephone.

11. The credit card at issue was used to purchase consumer goods, more specifically, things such as" clothing, food, and travel-related expenses.

12. The debt at issue is more than five (5) years old and beyond any conceivable statute of limitations.

13. Defendant's initial communication to Plaintiff was on or about June 28, 2012.

14. Defendant failed to ever provide a written notice to Plaintiff with regard to the amount of the debt and the name of the creditor in violation of 15 U.S.C. § 1692g.

15. That due to Defendant's failure to comply with § 1692g of the FDCPA, Plaintiff was not afforded an opportunity to dispute the debt in writing or

3

request additional information with respect to his rights to validate and/or verify the debt.

16. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

## COUNT I
## FAILURE TO PROVIDE WRITTEN NOTICE IN VIOLATION OF 15 U.S.C. § 1692g

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Within five days of the initial communication with Plaintiff, Defendant failed to provide a written notice to Plaintiff with regard to the amount of the debt and the name of the creditor in violation of 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 11th day of July, 2012.

                                       SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: 954.589.0588
Facsimile: 954.337.0666
scott@scottdowens.com

By: /s/Scott D. Owens
Scott D. Owens, Esq.
Florida Bar No. 0597651

5